UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENA M. WHITE,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05515-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On September 15, 2010, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications she became disabled beginning August 6, 2010. *See* Dkt. 15, Administrative Record ("AR") 18. Both applications were denied upon initial administrative review on November 30, 2010, and on reconsideration on March 28, 2011.

ORDER - 1

*See id.* A hearing was held before an administrative law judge ("ALJ") on November 5, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 31-59.

In a decision dated January 22, 2013, the ALJ determined plaintiff to be not disabled. *See* Dkt. 15-1, p. 1; AR 18-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 28, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981, § 416.1481. On July 7, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on October 9, 2014. *See* Dkt. 15. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits or for further administrative proceedings, because the ALJ erred: (1) in evaluating the opinions of his treating physicians, Peggy Ann Hosford, M.D., and Andrew P. Manista, M.D.; (2) in discounting plaintiff's credibility; and (3) in assessing plaintiff's residual functional capacity, including the impact of her bladder pain, urinary incontinence, cervical spine impairment, carpal tunnel syndrome, and depression. For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion of Dr. Manista and in discounting plaintiff's credibility, and therefore in assessing plaintiff's residual functional capacity. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

ORDER - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

I.      The ALJ's Evaluation of the Opinion Evidence from Dr. Manista

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation

ORDER - 4

omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion evidence from Dr. Manista the ALJ found in relevant part:

> [Dr. Manista] filled out several medical source statements (Exhibits 30F, 37F, 44F). The first statement was on April 25, 2012 (Exhibit 30 F). During his examination at the time of the first medical source statement he observed that the claimant was standing erect and she was cooperative (Exhibit 30F/5). She had a normal gait and intact senses to light touch although she had slightly reduced strength in her lower extremities (Exhibit 30F/5). He opined to limitations for 12 weeks during her recovery. He opined that the claimant could occasionally and frequently lift or carry up to 20 pounds (Exhibit 30F/1). He did not find that the claimant's ability to sit, stand, or walk would be affected by her impairments (Exhibit 30F/1-2). He did limit the claimant's ability to push or pull using her upper extremities to 20 pounds (Exhibit 30F/2). Dr. Manista opined that the claimant could occasionally climb ramps or stairs, but should never climb ladders, ropes, or scaffolds (Exhibit 30F/2). He opined that the claimant should never kneel, crouch, crawl, or stoop (Exhibit 30F/2). He did not find that the claimant was limited in reaching or handling (Exhibit 30F/3). He recommended that the claimant be limited in her exposure to vibration or hazards (Exhibit 30F/4). Great weight is given to Dr. Manista's first opinion, as it adequately considers postural limitations and lifting limitations that are consistent with the claimant's history of surgeries and her limited activities. Furthermore, in later opinions Dr. Manista

ORDER - 5

      consistently opined that the claimant would be able to lift 20 pounds. On September 14, 2012, Dr. Manista opined that the claimant could still lift up to 20 pounds and could work for an 8-our day, he opined that the claimant was limited in her ability to stand more than 60 minutes at a time and she could occasionally bend or stoop (Exhibit 37F). On November 30, 2012, Dr. Manista opined that the claimant would still be able to lift 20 pounds, but would be limited to occasional postural maneuvers (Exhibit 44F/1-2). He opined that the claimant could sit for 6 hours in an 8-hour workday, and would need to periodically alternate between sitting and standing to relieve pain and discomfort (Exhibit 44F/2). He opined that the claimant could stand for less than 2 hours in an 8-hour workday (Exhibit 44F/1). Less weight is given to Dr. Manista's later opinions because he placed too much reliance on the claimant's subjective complaints which, as discussed above, were not entirely credible or consistent with the medical evidence. Furthermore, Dr. Manista did not adequately consider the claimant's activities, such as traveling or performance of personal care and household chores already discussed.

AR 27. Plaintiff argues, and the Court agrees, that the ALJ's reasons for rejecting Dr. Manista's November 2012 assessed functional limitations are not valid. First, as plaintiff notes, nothing in the medical source statement Dr. Manista completed at the time itself indicates he relied more on plaintiff's subjective complaints than, for example, his own personal observations and treatment notes and/or clinical findings. *See* AR 768-71; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion. However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.") (internal citations omitted).

      Second, even if that medical source statement can be read to indicate such reliance, as discussed below the ALJ failed to provide valid reasons for discounting plaintiff's credibility. *See Morgan*, 169 F.3d at 602 (physician's opinion "'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those

ORDER - 6

complaints have been 'properly discounted'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989)). Third, the evidence in the record fails to show plaintiff's traveling and performance of personal care and household chores or other daily activities occurred at such a frequency or to such an extent as to call into question the functional limitations Dr. Manista assessed. *See* AR 26, 42-43, 292-98, 311, 321, 328-29. As such, the ALJ's findings here cannot be upheld.

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. *See Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan* , 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273,

ORDER - 7

1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

Here, the ALJ found plaintiff to be less than fully credible in part because her subjective complaints were not entirely consistent with the objective medical evidence in the record. *See* AR 23-26. This can be a proper basis for discounting a claimant's credibility. *See Regennitter v. Commissioner of Social Security Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But as discussed above, the ALJ failed to give valid reasons for rejecting Dr. Manista's functional assessment, and therefore her reliance on the objective medical evidence in the record to discount plaintiff's credibility is suspect.

Even if the ALJ's reliance on the medical record overall to discount plaintiff's credibility can be said to be reasonable notwithstanding the ALJ's errors in evaluating the opinion evidence from Dr. Manista, this cannot constitute the sole basis for finding a claimant to be less than fully credible concerning his or her subjective complaints. *See Orteza v. Shalala*, 50 F.3d at 748, 749-50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995). The ALJ did discount plaintiff's credibility on the basis of her activities of daily living as well (*see* AR 26), but the record fails to show she engaged in such activities at a frequency or to an extent that necessarily establishes the existence of transferrable work skills or contradicts her other testimony. *See* AR 26, 42-43, 292-98, 311, 321, 328-29; *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Smolen*, 80 F.3d at 1284. The ALJ's credibility determination thus cannot be upheld.

III.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

ORDER - 8

disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ assessed plaintiff with the residual functional capacity:

> **. . . to perform light work . . . She can lift and/or carry 20 pounds both occasionally and frequently. She is limited to pushing or pulling 20 pounds when using her upper extremities. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs. She cannot kneel, crouch, crawl, or stop. She should avoid concentrated exposure to vibration and hazards.**

AR 22 (emphasis in original). Given the errors the ALJ committed in evaluating the opinion evidence from Dr. Manista and in assessing plaintiff's credibility, however, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional

ORDER - 9

limitations and therefore cannot be upheld.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the impact of plaintiff's impairments on her residual functional capacity in light of the ALJ's errors in evaluating the opinion evidence from Dr. Manista and in assessing plaintiff's credibility – as well as on plaintiff's ability to perform other jobs existing in significant numbers in the national economy[2] – remand for further consideration

---

[2] If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five thereof the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Tackett*, 180 F.3d at 1100-1101; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000). An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ to the vocational expert. *See Martinez v. Heckler*, 807

ORDER - 10

of those issues is warranted.[3] Although plaintiff requests that the period of review on remand be limited in light of a subsequent determination of disability, in which plaintiff was found to be disabled as of the day after the date of the ALJ's decision (*see* Dkt. 19-1), as defendant points out that determination is not before the Court, and therefore plaintiff's request is denied.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 16th day of April, 2015.

Karen L. Strombom
United States Magistrate Judge

---

F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). In this case the ALJ found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy based on the vocational expert's testimony provided in response to a hypothetical questions containing limitations substantially similar to those included in the ALJ's RFC assessment. *See* AR 28-29. But because for the reasons discussed above that RFC assessment cannot be said to be completely accurate, so too is the hypothetical question the ALJ posed likewise deficient, and therefore the ALJ's step five determination is not supported by substantial evidence and thus cannot be upheld.

[3] Plaintiff argues that because the ALJ erred in evaluating the medical evidence in the record and in assessing her credibility, that evidence and her testimony should be credited as true, and therefore that this matter should be remanded for an award of benefits on that basis. It is true that where the ALJ has failed "to provide adequate reasons for rejecting the opinion of a treating or examining physician," that opinion generally is credited "as a matter of law." *Lester*, 81 F.3d at 834 (citation omitted). Similarly, where an ALJ improperly rejects the claimant's testimony, "and the claimant would be disabled if his testimony were credited," remand will not be remanded "solely to allow the ALJ to make specific findings regarding that testimony." *Id.* On the other hand, remand for further proceedings is appropriate "when, even though all conditions of the [*Smolen*] credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Given that error has been found only with respect to the ALJ's rejection of the opinion evidence from Dr. Manista and assessment of plaintiff's credibility – and in light of the medical evidence in the record overall – there is still serious doubt as to whether plaintiff is in fact disabled considering the record as a whole. Accordingly, the Court declines to apply the credit as true rule here.

ORDER - 11